# Hermits of St. Augustine *v.* The County.

### [NOVEMBER, 1847.]

Mere possession of personal property, is evidence of ownership, and, in the absence of contrary evidence, is to be held conclusive.

The word "persons," as used in the act of assembly of May 31, 1841, is to be construed to mean corporations as well as individuals.

Exemplary, or vindictive damages, cannot be given in an action against the county; damages to the full extent of the injury inflicted should, however, be allowed.

The law does not require a plaintiff in an action brought against the county for damages, suffered by the violence of a mob, to prove every article destroyed; a general estimate will be sufficient to submit to a jury.

In an action of this kind against the county, the jury may allow as damages the full value of the property at the time of its destruction, with interest added to the time of their verdict.

Whether such additional allowance can be made as interest.—*Quere ?*

THIS was an action of trespass on the case, brought under the provisions of an act of assembly, passed on the 31st May, 1841, against the county of Philadelphia, to recover damages for property destroyed by a riot.   The declaration was in four counts, and set forth the ownership of the property, real and personal, its destruction by a mob, and its value.   In one count it was alleged that there was no knowledge on the part of the plaintiffs of an intention to attack the property, in another, that notice was given to the sheriff, and in a third, that there was no time to give such notice.

It appeared in evidence that St. Augustine's church, situated in Fourth street, between Race and Vine, and a house situated on the back part of the same lot, and fronting on Crown street, together with much furniture, and other personal property in the church and house, had been destroyed by a mob on the night of the 8th of May, 1844.

A number of witnesses were called on the part of the

[ Hermits of St. Augustine *v.* The County. ]

plaintiffs, to show the destruction by the mob, the value of the church and house, as well as that of their contents, which consisted principally of an organ, and other property in the church, and a theological library, furniture, &c., in the house.

The defence attempted to show, that the property was greatly over-valued, and that the plaintiffs had such knowledge of the intended attack, as made it necessary to a recovery, that they should give notice to the sheriff of the county, or the alderman or constable of the ward in which the property was situated, which had not been done.

They called a witness to prove, that on the afternoon of the 8th May, 1844, the keys of the church and house had been placed, with all the property claimed for, in the possession of John M. Scott, Esq., Mayor of Philadelphia. But it being objected that it was not shown that this was done by either of the corporators, the evidence was rejected.

Much other evidence was offered which was rejected by the learned judge, and the question was thus narrowed to the amount of damages, and the technical construction of the act of assembly.

The jury were addressed by *Stokes*, *Williams*, and *Meredith*, for the plaintiffs; and by *Kneass*, and *H. M. Phillips*, for the defendants.

Rogers, J.—Gentlemen of the jury,—The question before you is one almost exclusively of fact; it is, therefore, one for you, not for me to determine. Before delivering the case to you, however, it will be necessary for me to make a few remarks. This is an action on the case brought for the purpose of recovering compensation for damages done to the plaintiffs' property, by a lawless mob, during the month of May, 1844.

The action has been brought under an act of assembly passed in the year 1841. Other acts, on the subject of mobs, had existed previously to this, but may be considered

[Hermits of St. Augustine *v*. The County.]

as having been repealed by it. Independently of the act of 1841, no right of action exists against the county. It provides, that when buildings or other property within the county of Philadelphia shall be destroyed by a riot or violence, the persons injured may bring suit against the county, for the injury they have sustained. [The learned judge here stated the provisions of the act of assembly.]

It has been in evidence, that the plaintiffs' property was destroyed, both real and personal; the defendants have admitted the destruction of the real, but have made various objections to being held responsible for the personal property. It has been said, that although the articles specified as having been destroyed, may have been in the house, it is not certain that they all belonged to plaintiffs, and that the county may, at a future day, be compelled to pay for some of them again. For all the purposes of this suit, the plaintiffs were the owners; they were in possession; and possession of personal property is evidence of ownership, and in the absence of contrary evidence, is to be held conclusive. This contradictory proof must come from the other side. No attempt has been made to show that the plaintiffs were guilty of any improper or illegal conduct, and the defendants have failed to prove any knowledge on the part of the plaintiffs; they, therefore, have a clear right to maintain this suit, and to recover damages against the county.

The act of assembly uses the expression, "persons." I cannot instruct you, as I have been requested, that persons does not mean corporations; it does bear that interpretation, and has been so construed by the supreme court of this state, as well as elsewhere. There is nothing then in the way of the plaintiffs' recovery, the only question is as to the amount of the damages.

The act of assembly has been carefully drawn, and is wise, just, and beneficial in its character. It is just, because it is the duty of the county to protect its citizens against lawless violence, and if it does not do this, to make

reparation for the injury which they may sustain from such violence. If the act is always rigidly enforced when violated, the effect will be found highly beneficial. If lawless individuals are made to understand that the result of their violence will recoil upon themselves, they will pause in their career. The plaintiffs should have ample compensation for the injury they have sustained from the riot of May, 1844.

If this action were against the rioters and not against the county, I would instruct you to give exemplary damages; these, however, you cannot give against the county, but damages, to the full extent of the injury, you should give. It is reasonable and proper, that allowance should be made for any seeming defect in the plaintiffs' evidence, caused by the violence of the mob. The law does not require the plaintiffs to prove every article destroyed, you will be justified, therefore, in attending to the general estimate of the plaintiffs' damages. It is a matter to be considered, from necessity, in mass, and not in detail. A classification has been made of the different kinds of property lost by the plaintiffs. 1st. The church. 2d. The house in Crown street. 3d. The library. 4th. The furniture and fixtures of the house in Crown street. 5th. The furniture of the church. 6th. The organ. [His honour then reviewed the testimony which had been given under each of these heads, and charged the jury that the plaintiffs had fully made out their claim.]

The only matter remaining, is as to the allowance of interest. In a case like this against the county, I have said exemplary or vindictive damages cannot be given. Whatever is allowed by you over the amount claimed, will be regarded, not as vindictive damages, therefore, but as compensation.

I do not instruct you to give interest; you certainly may do so in the way of compensation, and I think you should do so, but this I advise, I do not instruct you. Unless

[ Hermits of St. Augustine *v.* The County. ]

such a course is adopted in similar cases, trials will always be postponed, and injustice done. Fifty thousand dollars paid to the plaintiffs now, will not be equal to the same amount, if it had been paid years ago: the accruing interest is lost. As an act of justice, then, reparation should be made for this loss, and it is your duty to repair, as far as you can, the mischief done by a lawless mob.

The proper measure of damages, then, is the full value of the property of the plaintiffs, destroyed in May, 1844, with an amount equal to interest added; calculated either from that time, or from the commencement of the suit in May, 1845. I would prefer that you should have been permitted to assess this amount as interest, separately from the amount of the value of the property destroyed, so that the supreme court might say, whether interest can be allowed; but this course is objected to by the defence, and therefore cannot be followed. I leave the case with you.

The jury gave a verdict for $47,433 88.*

* A municipal corporation is included within the term "person or persons," authorized by the act of 31st May, 1841, to bring suit against the county of Philadelphia, for injury to its property by a mob. *Commissioners of Kensington* v. *The County of Philadelphia*, 1 Harris 76. By the act of 20th March, 1849, the provisions of the act of 1841 are extended to the county of Allegheny. *Pamph. p.* 184.